JSb

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5256 | **DATE** | 8/18/2003 |
| **CASE TITLE** | ABN Amro Sage Corp. vs. PTI Capital Management | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER. The Court grants defendant PTI's motion to dismiss without prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | AUG 1 9 2003 | 10 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| JD | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ABN AMRO SAGE CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PTI CAPITAL MANAGEMENT, L.L.C., ) <br> ) <br> Defendant. ) | 02 C 5256 <br> Judge George M. Marovich |

## MEMORANDUM OPINION AND ORDER

Plaintiff ABN AMRO Sage Corporation ("AA Sage") filed a Complaint for Declaratory and Injunctive Relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, and Rule 65 of the Federal Rules of Civil Procedure, against PTI Capital Management, L.L.C. ("PTI") and NASD Dispute Resolution, Inc. ("NASD") to enjoin an NASD arbitration pending against AA Sage. AA Sage has since voluntarily dismissed NASD from this action. PTI has moved to dismiss the Complaint under 12(b)(1) for lack of subject matter jurisdiction. For the reasons set forth below, the Court grants PTI's Motion to Dismiss.

### BACKGROUND

Unless otherwise noted, the following facts are not in dispute. On or about September 10, 2001, PTI filed a Statement of Claim for arbitration with the NASD Dispute Resolution, Inc. against AA Sage. PTI alleges that AA Sage violated, inter alia, the following federal laws: Section 10(b) of the Securities

Exchange Act of 1934, 15 U.S.C. § 78j(b) ("Securities Act"), and SEC rule 10b-5, 17 C.F.R. 240.10b-5 ("Rule 10b-5").

AA Sage, by virtue of its NASD membership, has agreed to comply with the rules of NASD, including those involving arbitration. According to the NASD Rules, AA Sage has only agreed to arbitrate claims brought by its "customers" or another NASD member before the NASD. On June 24, 2002, AA Sage filed a Complaint for Declaratory and Injunctive Relief under Declaratory Judgment Act, 28 U.S.C. § 2201 and Fed. R. Civ. P. 65, against PTI and NASD Dispute Resolution, Inc. NASD has since been voluntarily dismissed from the case. AA Sage brought this Complaint to stay the arbitration, alleging that PTI is not a "customer" under the NASD rules. AA Sage further alleges that since PTI is not a "customer" and since AA Sage never agreed to arbitrate its claims, AA Sage should not be compelled to arbitrate, per the Federal Arbitration Act ("FAA"). On September 18, 2002, PTI filed its Motion to Dismiss for lack of subject matter jurisdiction. In its response, AA Sage alleges that this Court, has jurisdiction 28 U.S.C. § 1331 ("§ 1331"), and now additionally under 28 U.S.C. § 1332 ("§ 1332") by virtue of NASD being voluntarily dismissed from the case.

## DISCUSSION

### I. Standard for a Motion to Dismiss

When considering a motion to dismiss, a court must view the complaint's allegations in the light most favorable to the plaintiff, and all well-pleaded facts in the complaint must be accepted as true. Wilson v. Formigoni, 42 F.3d 1060, 1062 (7th

Cir. 1994). To withstand a motion to dismiss, a complaint must allege facts which sufficiently set forth the essential elements of the cause of action. Gray v. County of Dane, 854 F.2d 179, 182 (7th Cir. 1988). Dismissal is proper only if it appears beyond a doubt that a plaintiff can prove no set of facts in support of a claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

II. Subject Matter Jurisdiction

In its Complaint, AA Sage alleges that "this Court has jurisdiction over this action pursuant to § 1331 because PTI's arbitration claims arise and NASD has violated its obligations under the Securities Exchange Act of 1934, 15 U.S.C. § 78a, et seq." (Compl. ¶ 9.) Additionally, AA Sage asserts in its Memorandum in Opposition to Defendant's Motion to Dismiss that even if this Court does not have jurisdiction under § 1331, jurisdiction is proper under § 1332 since given the dismissal of the NASD, the parties are now diverse.

A. Federal Question Jurisdiction

First, AA Sage argues that the United States Supreme Court in Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1 (1983), and the Seventh Circuit in Minor v. Prudential Securities, Inc., 94 F.3d 1103 (7th Cir. 1996), have interpreted Section 4 of the FAA to allow a district court to look to the underlying claims in the arbitration in order to determine the existence of a federal question for purposes of jurisdiction under § 1331. Furthermore, AA Sage argues because PTI's arbitration claims are based upon Section 10(b) of the Securities

3

Act and Rule 10b-5, this Court has jurisdiction over this case under § 1331 because the underlying claims raise a federal question.

"Federal question jurisdiction arises only when the complaint standing alone 'establishes that either federal law creates the cause of action or the plaintiff's right to relief necessarily depends upon the resolution of a substantial question of federal law'". Minor, 94 F.3d at 1105 (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Fund, 463 U.S. 1, 27-28 (1983)).

AA Sage's reliance on Moses and Minor are misplaced. As Minor states:

> The text of § 4 does appear to confer jurisdiction on federal courts to issue motions to compel in cases where the court would have jurisdiction over the underlying claims; and the Supreme Court has used language that could be interpreted as implying the same: "Section 4 provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute..." Moses H. Cone, 460 U.S. at 942. A strong body of case law has developed, however, holding that the nature of the underlying dispute is irrelevant for purposes of subject matter jurisdiction, even on a motion to compel under § 4, i.e. the motion itself must invoke diversity or federal question jurisdiction.

Minor, 94 F.3d at 1106. In view of the foregoing, it becomes apparent that AA Sage's Complaint for declaratory and injunctive relief to stay arbitration is created by a private contract agreement under the rules of the NASD and the resolution of AA Sage's complaint involves the mere interpretation of the NASD rules. Such contract disputes are governed by state law, not federal law. Id. The fact that the PTI's arbitration claims are

federal claims is irrelevant. Therefore, this Court does not have federal question jurisdiction over AA Sage's Complaint to stay arbitration of PTI's securities claims, even though PTI's arbitration claims arise under the Securities Act.

B.  Diversity Jurisdiction

AA Sage claims, in its response to PTI's Motion to Dismiss, that since the NASD, the only non-diverse party, was dismissed, this Court now has jurisdiction under § 1332. AA Sage alleged in the Complaint that: (1) AA Sage is a Delaware corporation with its principal place of business in California; (2) PTI is an Illinois limited liability company with its principal place of business in Chicago, Illinois; and (3) the amount in controversy in the underlying arbitration is for damages in excess of $640,000.

For purposes of determining the existence of jurisdiction based on diversity where a limited liability company is a party, the citizenship of the members of the limited liability company determines its citizenship, rather than its place of formation or its principal place of business. Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998). Because AA Sage did not properly plead the citizenship of PTI, subject matter jurisdiction cannot be established by way of diversity of the parties.

## CONCLUSION

For the reasons set forth above, the Court grants Defendant PTI's Motion to Dismiss without prejudice.

ENTER:

George M. Marovich
United States District Judge

DATED: Aug. 18, 2003